IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES AMERICA, | ) | |
| | ) | |
|            Petitioner, | ) | |
| | ) | |
| v. | ) | 09-2097-STA |
| | ) | |
| LARRY DYE, | ) | |
| | ) | |
|            Respondent. | ) | |

_____

ORDER IN CIVIL CONTEMPT
_____

Before the Court is the government's Motion for Civil Contempt (D.E. # 11) filed on July 24, 2009. Respondent Larry Dye ("Dye") has filed a Response brief (D.E. # 14), an Affidavit of Truth Plain Statement of Fact (D.E. # 10), and a Motion to Claim Constitutional Rights (D.E. # 15). On August 14, 2009, the Court conducted a hearing where Respondent was ordered to show cause as to why he should not be held in contempt. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

On February 23, 2009, the government filed a Petition to Enforce an IRS Summons (D.E. # 1). The Court concluded that the government met its prima facie showing for enforcement of the summons and entered an order in which Respondent Dye was directed to show cause as to why the summons should not be enforced. The Court set a show cause hearing on the Petition for May 28, 2009. Respondent filed a brief setting forth his position on May 12, 2009, in which

1

Respondent questioned the Court's jurisdiction over the matter as well as IRS Agent Phil Rampey's ("Agent Rampey") authority to have the summons issued. The government in return replied to Respondent's brief on May 22, 2009, and reiterated the applicable law granting the IRS authority to issue administrative summons and to seek enforcement of summons through the proper District Court of the United States.

The Court conducted its hearing on May 28, 2009. Both the government and Respondent appeared and addressed the Court on the Petition. The Court stated on the record its finding that the government had made its prima facie showing as to the following factors set forth in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964): (1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to that investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. §7603.[1] Based on the affidavit of Agent Rampey filed with the government's Petition, the Court concluded that the government had satisfied its burden to establish that the summons should be enforced.

The burden then shifted to Respondent to demonstrate that enforcement of the summons would be an abuse of the Court's process.[2] Respondent had the opportunity, for example, to show that the government had not met one of the elements of its prima facie showing for enforcement or to demonstrate that the summons was issued for an improper purpose such as to harass Respondent or in bad faith.[3] In his Affidavit Brief, Respondent demanded in paragraph

---

[1] *See also U.S. v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

[2] *Id.*

[3] *Id.*

11 that "this Court establish, in the record, its standing to hear this matter by producing the real party in interest required to proceed with subject matter jurisdiction."[4]  At the hearing Respondent relied on paragraph 12 of his brief which stated that Respondent "formally accepts the oaths of office of all public officials connected to this matter" and that such acceptance "constitutes your open and binding offer of contract to form a firm and binding private contract between you and Larry Dye."[5]  Respondent also reiterated paragraph 13 in which Respondent declared that the government had not issued summons for a legitimate purpose because Agent Rampey had no authority to issue a summons as an IRS agent.[6]

      Having given Respondent an opportunity to show why the summons should not be enforced, the Court concluded that Respondent had failed to carry his burden.  Respondent presented no evidence that the summons was issued in bad faith or for the purpose of harassing him.  Respondent likewise failed to demonstrate that the government had not established any of the elements of its prima facie showing that the summons should be enforced.  Therefore, the Court granted the Petition and awarded the government its costs.

      In an Order dated June 4, 2009, the Court ordered Dye to appear before Agent Rampey or his designee on June 16, 2009, 9 A.M., at 109 S. Highland, Jackson, Tennessee, 38303.  Respondent was further ordered to produce all of the discovery sought in the IRS summons.  The Court cautioned Respondent that failure to comply with its Order would result in further

---

[4] Respondent's Aff. Resp. ¶ 11.

[5] *Id.* at ¶ 12.

[6] *Id.* at ¶ 13.

penalties from the Court.

The government has now filed the instant Motion to hold the Respondent in contempt. The government contends that Dye failed to comply with the Court's Order enforcing the IRS summons. According to the government, Respondent appeared as ordered but did not produce any documents and refused to answer any questions. The Respondent did read a prepared statement explaining why he would not answer Agent Rampey's questions. The government argues that Respondent admitted that he did not comply with the Court's Order in his Affidavit of Truth and Plain Statement of Fact ("the Affidavit"). Thus, the Court should hold Dye in civil contempt. The government has proposed that the Court impose a monetary per diem fine of $100 until Respondent has complied with the summons. Should Respondent fail to comply with the summons within seven (7) days of the Court imposing the daily fine, the Court should order that Respondent be incarcerated.

Dye has filed an Affidavit reciting his grounds for challenging the authority of the IRS to issue summons. In it Dye identifies himself as "a private flesh and blood man, living on the land." Dye again claims that Agent Rampey was without authority to subpoena the documents in question from Dye. Thus, Dye asserts his Fourth Amendment right to be free from unreasonable search and seizure. In paragraph 18 of the Affidavit, Dye has provided the statement he gave when he appeared before the IRS agent as the Court ordered on June 16, 2009, in which he invoked his rights under the Fifth Amendment. Dye's prepared statement reads, "If at any time during these proceedings it appears I agree or understand any of these actions, let it be known I DO NOT!" Dye admits that he did not produce any of the summoned documents and so failed to comply with the Court's Order enforcing the IRS summons.

Furthermore, Dye has filed a Response to the government's Motion. Dye argues that the summoned information is for "the purpose of prosecution of Larry Dye." Dye repeats his contention that Agent Rampey has no authority to summon the personal documents sought by the IRS. Dye again argues that the compelled production of these documents violates due process and his Fifth Amendment right to withhold papers which might incriminate him. Therefore, according to Dye, the IRS has perpetrated a fraud on the Court, and any further court order compelling Dye to cooperate with the IRS would violate his constitutional rights.

Finally, Petitioner has filed a Motion to Claim and Exercise Constitutional Rights. Dye calls upon the Court to uphold his due process rights and his rights under the First, Fourth, Fifth, Sixth, Seventh, and Ninth Amendments to the United States Constitution as well as provisions of the Constitution of the State of Tennessee. Dye again argues that any order compelling him to produce personal papers to the IRS violates these rights.

At the August 14, 2009 show cause hearing, the government argued that Dye had failed to comply with the Court's previous order enforcing the IRS summons. As for Dye's contention that the documents would incriminate him, the government asserted that there is no reasonable danger of criminal prosecution in this case. Agent Rampey's is a civil investigation conducted for a civil purpose and only for the possible imposition of civil penalties. There is no criminal referral to the Department of Justice recommending a criminal investigation of Dye. Thus, Respondent's Fifth Amendment rights are not implicated.

Dye was given the opportunity to address the Court and call witnesses. Dye stated that he is a "living flesh and blood man" and asked the Court if there were any objections to that contention. The Court advised Dye that he could call witnesses to whom he could pose these

questions; however, procedurally Dye could not pose questions to the Court.  Dye repeated his arguments that Agent Rampey could not establish his credentials or authority to subpoena Dye's personal documents.  Dye recited some of his prepared statement to invoke his constitutional rights.  Concerning the documents sought in the summons, Dye stated that he did not produce them "because I didn't have any" and "they don't pertain to me."  The government pointed out that Dye had told the Court at the hearing to enforce the summons that he did have the documents and could produce them.  The Court explained to Dye that he had the burden to come forward with some explanation for not complying with the Court's previous order or the Court would hold him in civil contempt.  Dye responded that he did not understand.  The Court continued to explain to Dye the seriousness of being found in civil contempt.  Dye finally requested legal counsel for the first time.  The Court reminded Dye that he had proceeded on his own behalf for some time and that Dye had ample opportunity to retain counsel.  Therefore, the Court proceeded to make its findings.

## STANDARD OF REVIEW

Generally, the Court is vested with authority to impose a sanction against any party held in contempt for failure to comply with the Court's orders.  Fed. R. Civ. P. 45(e) grants the Court the power to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."[7]  Likewise, the United States Code grants the Court authority

> to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as

---

[7] Fed. R. Civ. P. 45(e).

> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ process, order, rule, decree, or command.[8]

These contempt provisions are applicable to the enforcement of an IRS summons. A United States District Court has the power to compel compliance with an IRS summons.[9] "This power is in the nature of the inquisitorial power of a grand jury and should be liberally construed."[10] Where the Court has enforced an administrative summons issued by the IRS and the respondent fails to comply with the Court's order, the IRS may apply to the Court "for an attachment against [a respondent] as for a contempt."[11] The Court has "the power to make such order as [it] shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience."[12]

Although there is no bright-line separating the two, contempt proceedings may be either in the nature of criminal contempt or civil contempt.[13] Criminal contempt exemplified by a fixed

---

[8] 18 U.S.C. § 401. *See U.S. v. Stefanopoulos*, 1987 WL 36054, *2 (6th Cir. 1987) (relying on § 401(3) to find respondent in contempt for failure to comply with IRS summons).

[9] 26 U.S.C. § 7604(a).

[10] *U.S. v. Widelski*, 452 F.2d 1, 4 (6th Cir. 1971) (citing *Falsone v. United States*, 205 F.2d 734, 742 (5th Cir.), cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375 (1953)).

[11] 26 U.S.C.A. § 7604(b).

[12] *Id*. *See, Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531 (1966); *United States v. Riewe,* 676 F.2d 418, 420 (10th Cir.1982); 18 U.S.C. § 401(3).

[13] *U.S. v. Work Wear Corp.*, 602 F.2d 110, 115 (6th Cir. 1979).

fine or sentence has as its principle purpose the vindication of judicial authority.[14]  Civil contempt is remedial and intended "to benefit the complainant either by coercing the defendant to comply with the Court's order via a conditional fine or sentence or by compensating the complainant for any injury caused by the defendant's disobedience."[15]  The conditional nature of a sanction renders an action one for civil contempt.[16]

## ANALYSIS

The Court finds that Respondent Larry Dye failed to comply with its previous order enforcing the IRS summons without any cause or justification.  As a result, the government's Motion is granted and the Court holds Dye in contempt.  As an initial matter, this is a matter of civil contempt, not criminal.  The government simply seeks a conditional sanction against Dye which would be removed as soon as Dye purges himself of the contempt.  A party petitioning for civil contempt must prove by clear and convincing evidence that the respondent violated the order.[17]  In order to make a prima facie case of contempt, the moving party is required only to demonstrate that certain conduct was required by a previous court order and that the alleged contemnor failed to comply.[18]  Where the contempt proceeding concerns an IRS subpoena to

---

[14] *See Gompers v. Bucks Stove and Range Co.,* 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 346 (1911); *Work Wear*, 602 F.2d at 115.

[15] *Work Wear*, 602 F.2d at 115.  *See also U.S. v. Ivie*, 2005 WL 1759727, *2 (W.D. Tenn. 2005); *Nabkey v. Hoffius,* 827 F.Supp. 450, 452 (S.D. Mich. 1993).

[16] *Shillitani*, 384 U.S. at 370.

[17] *United States v. Stefanopoulos*, 1987 WL 36054, *2 (6th Cir. 1987) (citations omitted).

[18] *Id*.

produce tax records, the IRS makes its prima facie case when the IRS shows that the respondent did not turn over the records that the court ordered him to produce.[19]

In this case, the government has made its prima facie case. The Court ordered Dye to appear before Agent Rampey and to produce the documents sought in the summons. Dye admits that he appeared as ordered but refused to produce the documents. Instead Dye questioned the authority of Agent Rampey and the IRS to compel production of his personal papers. Therefore, the government has satisfied its burden to show that Dye is now in civil contempt of the Court's order.

Once the prima facie case is made, the respondent can come forward with evidence of inability to comply with the order.[20] Where a respondent appears for a contempt hearing and fails to present just cause for his refusal to abide by the Court's order, the respondent is in contempt.[21] The respondent may contest a summons by showing that he does not have and has never had possession of any of the subpoenaed documents.[22] The respondent may show that he is physically unable to comply with the subpoena; however, fear of reprisal or fear of a higher power will not relieve him of being found in civil contempt.[23] If the Court has already

---

[19] *Id*.

[20] *Id*. (citing *Maggio v. Zeitz*, 333 U.S. 56 (1948)).

[21] *United States v. Rylander,* 460 U.S. 752, 756-57, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983); *Stefanopoulos*, 1987 WL 36054, *2; *United States v. Boyer*, 2008 WL 4758685, *2 (S.D. Ohio 2008).

[22] *Rylander,* 460 U.S. at 756; *United States v. Wooten*, 2000 WL 1039468, *4 (S.D. Ohio 2000).

[23] *United States v. Romano,* 684 F.2d 1057, 1065 n.7 (2d Cir. 1982), *cert. denied,* 103 S. Ct. 375 (1982) (fear of mafia retaliation insufficient to avoid civil contempt); *United States v.*

determined that the IRS subpoena is valid and should be enforced, the respondent may not justify his contempt for the Court's order by simply presenting the same legal or factual arguments raised to challenge the subpoena in the first place.[24]

Here Dye has failed to show that he could not comply with the Court's order. Rather Dye argues that the IRS has no authority to compel the production of his papers. In other words Dye presents the same argument he raised when the government initially petitioned the Court to enforce the summons. The Court heard and rejected Dye's argument on this point then and finds no reason to reconsider its judgment now. Dye has also invoked the Fourth Amendment's search and seizure protections. However, the Court holds that the Fourth Amendment has no application to an IRS summons enforcement action, because enforcement of the summons does not involve a search or seizure and probable cause is not required.[25] Therefore, this argument is without merit.

Dye next argues that the compelled production of his personal documents violates his Fifth Amendment rights. Generally the Fifth Amendment privilege against self incrimination, which protects against incriminating testimony, offers no basis for refusing to comply with

---

*Universal Christian Church* 1985 WL 13480, *3-4 (6th Cir. 1985) (fear of the Almighty insufficient to avoid civil contempt).

[24] *Stefanopoulos*, 1987 WL 36054, *2-3.

[25] *See United States v. Bisceglia,* 420 U.S. 141, 145, 95 S.Ct. 915, 43 L.Ed.2d 88 (U.S. 1975); *Powell,* 379 U.S. at 57. *See also United States v. Vanderzand*, 1997 WL 572692, *6 (W.D. Mich. 1997).

summonses that seek the production of documents.[26] However, as Dye correctly argues, the "Fifth Amendment may protect an individual from complying with a subpoena for the production of his personal records in his possession because the very act of production may constitute a compulsory authentication of incriminating information. . . ."[27] "Thus, where the act of compelled production of personal records is tantamount to an incriminating testimonial communication, the Fifth Amendment offers protection against compliance with a summons."[28] Constitutional protection would apply, for example, where the act of production of personal records confirms the existence or location of such materials and assurances of authenticity not otherwise available to the government.[29]

Fifth Amendment protection extends to a refusal to produce documents in response to an IRS summons.[30] However, in order for the Fifth Amendment privilege to justify resisting an IRS summons, the prospect of criminal prosecution must be more than "trifling or imaginary."[31] The respondent must show that there is a substantial prospect of criminal prosecution.[32] The respondent's Fifth Amendment argument will fail where the IRS did not issue the summons for

---

[26] *Fisher v. United States,* 425 U.S. 391, 410, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

[27] *Andresen v. Maryland,* 427 U.S. 463, 473-74, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

[28] *United States v. Schlansky,* 709 F.2d 1079, 1083 (6th Cir.1983), *cert. denied,* 465 U.S. 1099, 104 S.Ct. 1591, 80 L.Ed.2d 123 (1984).

[29] *Id.* at 1084.

[30] *See United States v. Doe,* 465 U.S. 605, 612-13, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *United States v. Grable,* 98 F.3d 251, 253 (6th Cir.1996), *cert. denied,* 519 U.S. 1059, 117 S.Ct. 691, 136 L.Ed.2d 614 (1997).

[31] *See Marchetti v. United States,* 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

[32] *Vanderzand*, 1997 WL 572692, *6.

an improper purpose, the IRS has not opened a criminal investigation, or the IRS has not abandoned its civil investigation.[33] Likewise, the prospect of criminal prosecution is too remote to implicate the Fifth Amendment where the IRS has dropped a criminal investigation and continued its civil investigation.[34] In this case, the government has stated that there has been no criminal referral to the Department of Justice. Agent Rampey is conducting a civil investigation for a civil purpose. Any penalty that might result from Agent Rampey's investigation is civil only. Dye has come forward with no evidence that there is a substantial prospect of criminal prosecution. Therefore, the Court holds that the Fifth Amendment would not justify Dye's failure to comply with the Court's order.

Even if Dye had made this showing, the "act of production" privilege applies only on a document-by-document basis, and the district court must individually review in camera any document to which a summoned party specifically objects.[35] The Sixth Circuit has held that a respondent may not invoke the Fifth Amendment where a respondent submits to the district court a "disorganized array of documents" with only a general blanket assertion of fifth amendment privilege and without objection to a specific document.[36] Despite the fact that Dye failed to show that the act of production privilege should apply, the Court gave Dye the opportunity to produce his documents for in camera review during the show cause hearing. Dye refused to do

---

[33] *United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). *See also United States v. Fritz*, 567 F.Supp. 481, 483 (D.C. Ohio 1983).

[34] *Widelski*, 452 F.2d at 5.

[35] *United States v. Dean*, 23 Fed. Appx. 448, 450, 2001 WL 1450685, *2 (6th Cir. 2001) (citing *Grable,* 98 F.3d at 257).

[36] *Dean*, 23 Fed. Appx. at 450.

so and continued to make his general blanket assertion of Fifth Amendment privilege. Even after the Court explained the reasons for this procedure to Dye, the Respondent simply stated that he did not understand. In fact, Dye told the Court several times that he did not understand. The Court found that Dye was being purposefully evasive. This finding was supported by the fact that Dye had prepared a statement in advance of his appearance before Agent Rampey in which he declared, "If at any time during these proceedings it appears I agree or understand any of these actions, let it be known I DO NOT!" It appears to the Court then that feigned incomprehension is part of Dye's legal strategy to contest the proceedings. Thus, the Court concludes that Dye's Fifth Amendment argument is without merit.

The Court finds that Dye defied its Order without any cause or justification. Therefore, the Court holds Dye in civil contempt. Consistent with its ruling from the bench at the show cause hearing, the Court orders Dye to comply with the IRS summons. The Court imposes a per diem fine of $100 payable to the Clerk of Court for every day that Dye fails to comply with the Court order for the next seven (7) days after the show cause hearing, that is until Friday, August 14, 2009. Additionally, should Dye fail to comply on or before August 14, 2009, the Court orders that Dye be taken into custody by the United States Marshall to be held until such time as Dye complies with the Court's order. Dye was provided with an address to which he could direct the documents by overnight mail. The Court advised Dye that the sanctions are conditioned on Dye's purging himself of the civil contempt. The government is to notify the Court if and when Dye complies with the Court's order.

**IT IS SO ORDERED.**

                                                  **s/ S. Thomas Anderson**
                                                  S. THOMAS ANDERSON
                                                  UNITED STATES DISTRICT JUDGE

Date: August 18th, 2009.